IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ELIZABETH HERBERT,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

OPINION AND ORDER

24-cv-391-wmc

---

Plaintiff Elizabeth Herbert seeks judicial review under 42 U.S.C. § 405(g) of a final determination by the Commissioner of Social Security that she is not disabled within the meaning of the Social Security Act. In this appeal, Herbert contends that the administrative law judge ("ALJ") erred in formulating his determination of Herbert's residual functional capacity ("RFC"). Specifically, Herbert contends that the ALJ improperly formed his RFC assessment by failing to incorporate an explicit limitation for one-to-three step tasks. For reasons explained below, plaintiff's appeal will be dismissed.

## FACTS[1]

### A. Background

Born on May 3, 1980, plaintiff Elizabeth Herbert was 40 years old at the time of her asserted disability onset date, placing her in the "younger person" age category. 20 CFR § 404.1564. Herbert has a high school education and past work experience as a phlebotomist and medical laboratory technician. (Dkt. #5 at 2.)

---

[1] The following facts are drawn from the administrative record ("AR"), which can be found at dkt. #4.

Herbert applied for social security disability benefits on April 5, 2021, and meets the insured status requirements of the Social Security Act through December 31, 2026. (AR 17.) Herbert claimed disability based on: (1) bipolar disorder; (2) depression; (3) anxiety; and (4) medication side effects, including hand tremors. (Dkt. #5 at 2.) Herbert's application was denied on August 30, 2021, and again upon reconsideration on December 9, 2022. (AR 15.) Following both denials, Herbert filed a written request for a hearing with an ALJ. (*Id.*)

**B. ALJ's Decision**

ALJ Michael Schaefer held an evidentiary hearing via telephone on July 20, 2023. (AR 15.) Herbert, her counsel, and a vocational expert appeared at the hearing. *Id.* Following the hearing, the ALJ applied the five-step analysis set forth in 20 C.F.R. 404.1520. At step one, the ALJ found that Herbert had not engaged in substantial gainful activity since her alleged disability onset date. (AR 17.) At step two, the ALJ found that Herbert had the following severe impairments: bipolar disorder; anxiety disorder; personality disorder; and hand tremor. (*Id.*) At step three, however, the ALJ found that Herbert's impairments did not meet or medically equal the criteria of the SSA's listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

Before proceeding to step four, therefore, the ALJ determined Herbert's RFC. (AR 18.) After doing so, the ALJ found that Herbert did not have the RFC to perform the requirements of her past relevant work. (AR 26.) Even so, the ALJ found at step five that Herbert had the RFC to perform other work available in the national economy and was not disabled for purposes of the Social Security Act. (*Id.*)

The Appeals Council denied Herbert's request for review of the ALJ's decision, making the ALJ's ruling the final decision on the matter. (AR 16.) Herbert now appeals this decision, claiming that the ALJ's step-five findings were rooted in an inaccurately formulated RFC exceeding her capability to perform more complicated tasks required to perform other work available in the national economy. (Dkt. # 5 at 3.)

**C. The ALJ's RFC Formulation**

To determine Herbert's residual functional capacity, the ALJ relied on findings from Michelle Hoy-Watkins, Psy.D., Pat Chan, M.D., and Rohi Mendoca, M.D. (AR 26.) Dr. Hoy-Watkins's findings pertained to Herbert's mental health, while Drs. Chan and Mendoca's findings pertained to Herbert's physical tremors. (*Id.*) Additionally, the ALJ considered Herbert's daily activities, ability to work with her psychiatric symptoms in the past, routine treatment, and presentations during her mental status exams. (*Id.*)

Because Herbert only challenges the portion of the RFC pertaining to her mental capabilities, the court's analysis will focus on the ALJ's formulation of those limitations, which as stated above, principally relied on the findings of Dr. Hoy-Watkins, the State agency medical consultant. (AR 25.) On September 26, 2022, Dr. Hoy-Watkins conducted an assessment of plaintiff's Mental Residual Functional Capacity ("MRFC"). (AR 113.) In the "Understanding and Memory Limitations" and the "Concentration and Persistence Limitations" portions of that assessment, Dr. Hoy-Watkins opined that Herbert "retains the capacity to understand, remember, and sustain the performance of 1-3 step tasks within the context of customary breaks and lunches." (AR 109-10.) At the

end of the assessment, Dr. Hoy-Watkins further opined in the "Additional Explanation" portion that:

> The claimant retains the ability to understand, remember, and follow simple instructions with adequate [Concentration, Persistence, or Pace ("CPP")]. The claimant can adapt to predictable changes and work-related stressors. The claimant can engage in brief and superficial interactions.

(AR 112.)

The ALJ found Dr. Hoy-Watkins' medical opinions "partially persuasive," noting they were "generally consistent with the record, including the claimant's often abnormal mood and affect and her occasionally abnormal attention and concentration." (AR 25.) However, the ALJ rejected Hoy-Watkins' conclusions regarding Herbert's social restrictions, stating they were inconsistent with Herbert's actual daily activities and normal behavior. (*Id.*) Ultimately, in crafting the RFC, the ALJ found that Herbert could perform light work and use her bilateral upper extremities frequently to handle or finger, but must not climb ladders, ropes, or scaffolds. (AR 20.)

Regarding Herbert's mental impairments in particular, the ALJ's RFC stated:

> [S]he can understand, remember, or carry out only simple instructions and routine tasks in a work environment with few, if any, changes in the work duties or expectations. She is limited to a work environment with no fast-paced production quota or rate (any production requirements should be more goal oriented, such as based on a daily, weekly, or monthly quota). She is capable of occasional interaction with the public but is precluded from work involving direct customer service. She is capable of occasional interactions with coworkers or supervisors.

(*Id.*) Herbert challenges this formulation, arguing that it fails to accurately account for her actual limitations and, therefore, undermines the vocational expert's reliance on it in opining that sufficient work exists in the national economy to find her not disabled.

## OPINION

The standard by which a federal court reviews a final decision by the Commissioner of Social Security is well-settled. Findings of fact are "conclusive," so long as they are supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When reviewing the Commissioner's findings under § 405(g), the court cannot reconsider facts, re-weigh the evidence, decide questions of credibility, or otherwise substitute its own judgment for that of the ALJ. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Accordingly, where conflicting evidence allows reasonable minds to reach different conclusions about a claimant's disability, the court must defer to the Commissioner's decision. *Edwards v. Sullivan*, 985 F.2d 334, 336 (7th Cir. 1993). At the same time, the court must conduct a "critical review of the evidence" to ensure that the ALJ has provided "a logical bridge" between his findings of fact and conclusions of law. *Id.*; *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018). More specifically, in finding a logical bridge, a court must be able to trace an ALJ's conclusion to evidence in the record. *Minnick v. Colvin*, 775 F.3d 929, 938 (7th Cir. 2015).

As noted at the outset of this opinion, plaintiff raises one challenge on appeal, arguing that the ALJ's ultimate formulation of her RFC to include the ability to

"understand, remember, or carry out only simple instructions and routine tasks" fails to sufficiently account for Dr. Hoy-Watkins' conclusion that plaintiff can only perform one-to-three step tasks. For the reasons outlined below, this court finds this portion of the ALJ's RFC to be sufficiently supported by Dr. Hoy-Watkins' medical evidence. In particular, while the ALJ did not adopt Hoy-Watkins' *exact* language, his RFC adequately incorporates its substantive limitations.

**I. RFC Specificity Requirement**

To begin, Seventh Circuit precedent does not dictate that ALJs use *specific* language when describing pace limitations in an RFC, nor when posing hypotheticals to a vocational expert ("VE"). *See Martin v. Saul*, 950 F.3d 369, 374 (7th Cir. 2020) ("The law does not require ALJs to use certain words, or to refrain from using others, to describe the pace at which a claimant is able to work."). However, to ensure that a claimant's limitations are properly accounted for, courts have generally prohibited ALJs from using "catch-all terms" in RFCs and VE hypotheticals. *See Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019) ("When it comes to the RFC finding, we have likewise underscored that the ALJ generally may not rely merely on catch-all terms like 'simple, repetitive tasks' because there is no basis to conclude that they account for problems of concentration, persistence or pace"). Thus, while an ALJ is not required to reiterate evidentiary findings verbatim in an RFC, ALJs must use language that comprehensively encompasses a plaintiff's limitations. *See O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th. Cir. 2010) ("Our cases, taken together, suggest that the most effective way to ensure that the VE is apprised fully of the claimant's limitations is to include all of them directly in the hypothetical.").

**II. The ALJ's RFC Incorporates Plaintiff's Limitations**

In her assessment of plaintiff's mental capacity, state-agency psychologist Dr. Hoy-Watkins opined that plaintiff could "understand, remember, and follow simple instructions with adequate CPP." AR 112. Given that this summary statement was provided at the end of the assessment form, under the form's "Additional Explanation" portion, the ALJ could reasonably have viewed this statement as summarizing Dr. Hoy-Watkins' findings, including her narrative statements that plaintiff "retains the capacity to understand, remember, and sustain the performance of 1-3 step tasks within the context of customary breaks and lunches." (AR 109.) Even if not read as a summary, however, the "Additional Explanation" statement certainly and reasonably could be read as a reiteration of Dr. Hoy-Watkins' other narrative statements. Indeed, the "Additional Explanation" statement uses identical language as the first half of the narrative statement, replacing "sustain" with "follow" and "1-3 step tasks" with "simple instructions." Thus, in reading this explanation as either a summary of Dr. Hoy-Watkins' mental capacity findings or as a reiteration of her narrative statements, a logical bridge can be traced from Dr. Hoy-Watkins' opinion to the ALJ's RFC determination that plaintiff can "understand, remember, or carry out only simple instructions and routine tasks." (AR 20.) Because the ALJ builds a logical bridge between the evidence and his RFC, the court will reject the request for remand on this basis.

As the Seventh Circuit has clarified, "an ALJ has some latitude with the exact wording of an RFC as long as it conveys in some way the restrictions necessary to address a claimant's limitations." *Recha v. Saul*, 843 F. App'x 1, 4 (7th Cir. 2021); *see also Langley v. O'Malley*, No. 22-3008, 2024 WL 3649021, at *3 (7th Cir. 2024) ("An ALJ has

discretion when incorporating a doctor's narrative opinion into an RFC assessment and need not replicate the precise language."). Thus, the ALJ did not err by failing to adopt Dr. Hoy-Watkins' statements verbatim in the RFC assessment. In particular, consistent with Seventh Circuit precedent, this court has permitted step-based limitations to be substituted by limitations to simple tasks or instructions.

For example, in *Hanson v. Saul*, No. 19-CV-892-wmc, 2020 WL 4696740, at *6 (W.D. Wis. Aug. 13, 2020), this court determined that adoption of language in an RFC that a plaintiff could "carry out simple, routine tasks" effectively incorporated a step-related limitation. Specifically, as here, the RFC in *Hanson* relied in part on the findings of a state psychological consultant who opined that the plaintiff "would generally be able to focus to complete tasks of two-to-three steps but may have more difficulty with more complex tasks." *Id.* Although the consultant's language arguably suggested a "two-to-three step" limitation, this court held that the RFC as formulated by the ALJ reflected a reasonable reliance on medical findings and adequately addressed the plaintiff's CPP limitations. *Id.*

The Seventh Circuit, as well as other decisions from this court, have similarly held that an ALJ may craft an RFC adopting moderate limitations in CPP without explicit reference to step-based limitations if the RFC's formulation is otherwise consistent with expert findings. *See Dudley v. Berryhill*, 773 F. App'x 838, 842 (7th Cir. 2019) (RFC limiting the plaintiff to "simple, routine, and repetitive tasks" did not fail to account for the findings of state agency doctors, including a finding that the plaintiff should be limited to one-to-three step tasks); *Hoverman v. Kijakazi*, No. 22-cv-414-jdp, 2023 WL 6284543, at *6 (W.D. Wis. Sept. 27, 2023) (ALJ adequately accounted for a state agency

psychologist's finding that the claimant was "capable of carrying out simple 1-3 step directions" by restricting claimant to "simple, routine tasks involving simple work-related decisions and not requiring a fast production rate pace or strict production quotas"); *Liapis v. O'Malley*, No. 23-CV-0063-jdp, 2024 WL 4344745, at *2 (W.D. Wis. Sept. 30, 2024) (an agency consultant's opinion that claimant was limited to two-to-three step instructions was "generally the same" as another opinion limiting claimant to simple tasks over a routine workday); *see also Collins v. Berryhill*, No. 17 C 3589, 2018 WL 3361847, at *2 (N.D. Ill. July 10, 2018) (an ALJ's RFC formulation limiting the plaintiff to "simple, routine, repetitive unskilled work" adequately accounted for the plaintiff's limitations, including an expert's finding of a three-step task limitation, despite not adopting that exact language).

Because plaintiff has not shown that the ALJ's formulation of her RFC failed to account for her limitations adequately, the court also rejects her related contention that remand is required for further clarification. Accordingly, the Commissioner's decision will be affirmed, and this appeal will be dismissed.

ORDER

IT IS ORDERED that:

1) The decision of defendant Commissioner of Social Security is AFFIRMED, and plaintiff Elizabeth Herbert's appeal is DISMISSED.

2) The clerk of court is directed to enter final judgment accordingly.

Entered this 17th day of September, 2026.

BY THE COURT:
/s/

WILLIAM M. CONLEY
District Judge